# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                **Case No. 01-20062-01-JWL**

**Randy McCurdy,**

    **Defendant.**

## MEMORANDUM & ORDER

By letter dated January 17, 2005, Mr. McCurdy has requested the appointment of counsel to assist him in presenting arguments based on the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The request is denied as there is no constitutional right to appointed counsel to pursue a collateral attack on conviction, for "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999) (no constitutional right to counsel exists in habeas proceedings).[1] Rather, a defendant is entitled to the appointment of counsel only when an evidentiary hearing is required on the defendant's § 2255 petition. *See* Rule 8(c) of the Rules Governing § 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Mr. McCurdy, then, may file a pro se § 2255 petition and the court will revisit his request for appointed counsel if Mr. McCurdy demonstrates in his petition the need

---

[1]Mr. McCurdy's time to file a direct appeal has long since expired.

for an evidentiary hearing.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to appoint

counsel (doc. 97) is denied.

**IT IS SO ORDERED**.

Dated this 28th  day of March, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2